IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CR-48-BR

UNITED STATES OF AMERICA

v.

ROBERT LEE HOPKINS, JR.

ORDER

This matter is before the court on defendant's *pro se* motion to reduce or modify his sentence and his counseled, emergency motion for compassionate release. (DE ## 37, 40.)

In 2013, defendant pled guilty to distribution of a quantity of cocaine base. The court sentenced him to 151 months imprisonment. In June 2020, defendant filed the instant *pro se* motion. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. Appointed counsel filed the instant motion for compassionate release with supporting documents. (DE ## 40-1, -2, -3, 41.) The government filed a response in opposition. (DE # 44.)

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

---
[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

At the outset, the court notes that, according to defendant, in April 2020, he submitted to the Warden a request for a reduction in his sentence or compassionate release. (Mot., DE # 37, at 2.) As of the date defendant signed his *pro se* motion, which was more than 30 days after he submitted his request, he had not received a response from the Warden. (Id.) The government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Therefore, the court will consider the merits of defendant's motion.

Defendant requests that the court grant him compassionate release based on certain medical conditions which increase his risk of severe complication from COVID-19 and on other health problems which make self-care in prison difficult for him. (Mot., DE # 40, at 4-5.) The government acknowledges "[d]efendant's medical conditions qualify as 'extraordinary' or 'compelling' reasons to justify consideration of [d]efendant's compassionate release request in light of the COVID-19 pandemic." (Resp., DE # 44, at 11.) However, it contends defendant's motions should be denied because the § 3553(a) factors weigh against any reduction in defendant's sentence, even taking into consideration his medical concerns. (Id. at 13-14.)

Defendant is 37 years old and obese and has hypertension, a history of smoking, and arthritis. (PSR, DE # 24, ¶ 31; Mot., DE # 40, at 4-5; Mot., Ex. 2, DE # 41.) His legs are bowed, and he needs surgery on his knee. (Mot., DE # 40, at 5; Mot., Ex. 2, DE # 41.) Obesity and a history of smoking increase the risk of severe illness from COVID-19. Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 12, 2021). Having hypertension might increase that risk. Id. Given these underlying medical conditions in light of the COVID-19 pandemic and defendant's leg infirmities, the court finds defendant has shown extraordinary and compelling reasons to support a sentence reduction.

Even so, the court concludes the § 3553(a) factors do not support reducing defendant's sentence to time served. Prior to commission of the instant offense, defendant had been convicted of seven felonies. (PSR, DE # 24, ¶¶ 9-12, 16, 19.) At sentencing, the court deemed defendant a career offender and denied his motion for a downward departure. While incarcerated, defendant has taken educational courses, has not incurred any disciplinary infractions, and is not considered to be a management problem. (Mot., Ex. 3, DE # 40-2.) He

3

has served 70% of his sentence (with good time credit), and his projected release date is in November 2023. (Mot., Ex. 4, DE # 40-3.)

Considering all the circumstances, the court concludes reducing defendant's term of imprisonment to time served would not provide just punishment or deter crime, and defendant's motions are DENIED.

This 13 January 2021.

_____
W. Earl Britt
Senior U.S. District Judge